MORGAN, LEWIS & BOCKIUS LLP
Andrew P. Frederick, Bar No. 284832
andrew.frederick@morganlewis.com
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
Aleksandr Markelov, Bar No. 319235
aleksandr.markelov@morganlewis.com
1400 Page Mill Road
Palo Alto, CA 94304
Tel:   +1.650.843.4000
Fax:   +1.650.843.4001

Attorneys for Defendants
AMAZON.COM SERVICES, LLC and
AMAZON LOGISTICS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL LERMA, JR., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM SERVICES, LLC, AMAZON LOGISTICS, INC., ACCURATE BACKGROUND, LLC, and DOES 1-5,<br><br>Defendants. | Case No. 8:22-CV-01727-FWS-JDE<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS AMAZON.COM SERVICES, LLC AND AMAZON LOGISTICS, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AND FIFTH CLAIMS IN THE FIRST AMENDED COMPLAINT**<br><br>Date:   February 16, 2023<br>Time:   10:00 a.m.<br>Judge:   Hon. Fred W. Slaughter<br>Ctrm:   10D |

**TABLE OF CONTENTS**

| | | | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | FACTUAL BACKGROUND | | 2 |
| | A. | Plaintiff Was Convicted of Two Counts of Felony Rape on February 8, 2013. | 2 |
| | B. | Plaintiff Applied for an Amazon Fresh Role. | 3 |
| | C. | Accurate Prepared a Background Check Report on Plaintiff That Contained the Search Results of Court Records for Plaintiff's Criminal Convictions. | 3 |
| | D. | Amazon Made a Preliminary Decision to Deny Plaintiff Employment Based on the Felony Rape Convictions in the Background Check Report. | 4 |
| | E. | Amazon Rescinds Plaintiff's Conditional Job Offer. | 5 |
| | F. | The Present Action | 5 |
| III. | LEGAL STANDARD | | 6 |
| IV. | ARGUMENT | | 7 |
| | A. | The Court May Consider the Background Check Report, the Pre-Adverse Action Notice, and the Adverse Action Notice in Ruling Upon Amazon's Motion to Dismiss. | 7 |
| | B. | Plaintiff's Purported Claim for Violation of Megan's Law Should Be Dismissed Because Amazon Learned About Plaintiff's Convictions From Court Records—Not the Megan's Law Website. | 8 |
| | C. | Plaintiff's Claim for Purported Violation of California's Unfair Competition Law Should Be Dismissed. | 9 |
| | | Plaintiff's UCL claim fails for three reasons: (1) because the underlying claim under Megan's Law fails, then so too does the derivative claim under the UCL; (2) Plaintiff already has an adequate remedy at law, thus precluding relief under the UCL; and (3) Plaintiff lacks standing to sue for injunctive relief. | 9 |
| | | 1. Because Plaintiff's Claim under Megan's Law Lacks Merit, So Too Does His Derivative Claim Under the UCL. | 9 |
| | | 2. Plaintiff Is Not Entitled to Relief Under the UCL Where He Has an Adequate Remedy at Law. | 9 |

**TABLE OF CONTENTS**
(continued)

**Page**

3. Plaintiff Lacks Standing to Seek Injunctive Relief. .................. 10

V. CONCLUSION ....................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarez v. Chevron Corp.*,
  656 F.3d 925 (9th Cir. 2011) ............................................................................. 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .......................................................................................... 6

*Barranco v. 3D Sys. Corp.*,
  952 F.3d 1122 (9th Cir. 2020) ......................................................................... 10

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................... 6, 7

*Clark v. Am. Honda Motor Co.*,
  528 F. Supp. 3d 1108 (C.D. Cal. 2021) ........................................................... 10

*Clark v. Superior Court*,
  50 Cal.4th 605 (2010) ..................................................................................... 10

*Cleveland v. Groceryworks.com, LLC*,
  200 F. Supp. 3d 924 (N.D. Cal. 2016) ............................................................. 11

*Cunha v. IntelliCheck, LLC*,
  254 F. Supp. 3d 1124 (N.D. Cal. 2017) ........................................................... 11

*Hadley v. Kellogg Sales Co.*,
  243 F.Supp.3d 1074 (N.D. Cal. 2017) ............................................................... 9

*Knievel v. ESPN*,
  393 F.3d 1068 (9th Cir. 2005) ........................................................................... 7

*Madrid v. Perot Sys. Corp.*,
  130 Cal. App. 4th 440 (2005) .......................................................................... 11

*Marder v. Lopez*,
  450 F.3d 445 (9th Cir. 2006) ............................................................................. 7

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
  521 F.3d 1097 (9th Cir. 2008) ........................................................................... 7

*Moss v. U.S. Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009) ............................................................................. 6

*Nationwide Biweekly Admin., Inc. v. Superior Court*,
  9 Cal.5th 279 (2020) ......................................................................................... 9

Morgan, Lewis & Bockius LLP
Attorneys at Law
Silicon Valley

iii

AMAZON'S MEMO OF POINTS & AUTHORITIES ISO MOTION TO DISMISS
CASE NO. 8:22-CV-01727-FWS-JDE

*Parrino v. FHP, Inc.*,
  146 F.3d 699, *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006) ............................................................................................................ 7

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) .......................................................................... 10

*In re Stac Elecs. Sec. Litig.*,
  89 F.3d 1399 (9th Cir. 1996) ............................................................................ 6

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) .......................................................................... 6

*Suarez v. Bank of America Corp.*,
  No. 18-cv-01202-MEJ, 2018 WL 2431473 (N.D. Cal. May 30, 2018) ......................................................................................................... 11

*Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*,
  368 F.3d 1053 (9th Cir. 2004) ........................................................................ 11

*U.S. v. Corinthian Colleges*,
  655 F.3d 984 (9th Cir. 2011) ............................................................................ 7

*W. Mining Council v. Watt*,
  643 F.2d 618 (9th Cir. 1981) ............................................................................ 6

*Walsh v. Nevada Dept. of Human Resources*,
  471 F.3d 1033 (9th Cir. 2006) ................................................................. 11, 12

**Statutes**

15 U.S.C. § 1681b(b)(1) ......................................................................................... 5

Cal. Pen. Code § 290.46 ......................................................................................... 8

## I. INTRODUCTION

Plaintiff Miguel Lerma, Jr. bases his First Amended Complaint against Defendants Amazon.com Services, LLC and Amazon Logistics, Inc. (collectively, "Amazon") on a false premise. Plaintiff alleges that Amazon learned about his two felony rape convictions from the Megan's Law sex offender registry website and utilized that information to deny Plaintiff employment. But that's not true, as the background check report upon which Plaintiff premises his claims shows.

The background check report captures searches that Defendant Accurate Background, LLC ("Accurate") ran on Plaintiff's criminal history in various courts, including Orange County Superior Court. The search of criminal records in Orange County identified Plaintiff's felony convictions for rape duress menace and rape by use of drugs. The background check report did not contain any information obtained from the Megan's Law website. In rescinding Plaintiff's conditional job offer, Amazon relied upon the criminal history information from Orange County Superior Court contained in the background check report, not information disclosed on the Megan's Law website. Amazon's consideration of Plaintiff's felony conviction history therefore was permissible. Accordingly, Plaintiff's Megan's Law claim fails as a matter of law and should be dismissed with prejudice.

Plaintiff's derivative claim under California's Unfair Competition Law ("UCL") fails for the same reason. Without a viable UCL claim, Plaintiff has no UCL claim, which is premised on Amazon's alleged violation of Megan's Law. Since that claim fails as a matter of law, then so too does the UCL claim. This claim fails for the additional, independent reason that Plaintiff is not entitled to injunctive relief, the sole remedy sought in connection with his UCL claim. As a threshold matter, Plaintiff lacks standing to sue for an injunction. Because Plaintiff does not currently work for Amazon, an injunction requiring Amazon to comply with certain provisions of the law will not benefit Plaintiff. Moreover, Plaintiff is

not entitled to equitable relief where he has an adequate remedy at law. Because Plaintiff seeks compensatory damages in the FAC, he cannot allege that he lacks an adequate remedy at law. Accordingly, Plaintiff's UCL claim should be dismissed with prejudice.

For these reasons, discussed more fully below, Amazon requests that the Court dismiss Plaintiff's First and Fifth Claims for Relief against Amazon with prejudice pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6).[1]

## II. FACTUAL BACKGROUND

### A. Plaintiff Was Convicted of Two Counts of Felony Rape on February 8, 2013.

On April 4, 2011, a criminal case was initiated against Plaintiff in Orange County Superior Court. RJN, Ex. 4 (Orange County Superior Court Docket, Case No. 11WF0759). Four criminal charges were brought against Plaintiff: (1) rape; duress; menace; (2) sodomy by means of force; (3) oral copulation; force or injury; and (4) rape by use of drugs. *Id.*

| Counts: | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Seq | S/A | Violation Date | Section Statute | OL | Violation | Plea | Plea Date | Disposition | Disposition Date |
| 1 | 0 | | 11/14/2010 | 261(a)(2) PC | F | Rape; duress; menace | GUILTY | 01/08/2013 | Pled Guilty | 01/08/2013 |
| 2 | 0 | | 11/14/2010 | 286(c)(2) PC | F | Sodomy by means of force | NOT GUILTY | 04/13/2012 | Dismissed | 01/08/2013 |
| 3 | 0 | | 11/14/2010 | 288a(c)(2) PC | F | Oral copulation; force or injury | NOT GUILTY | 04/13/2012 | Dismissed | 01/08/2013 |
| 4 | 0 | | 09/10/2009 | 261(a)(3) PC | F | Rape by use of drugs | GUILTY | 01/08/2013 | Pled Guilty | 01/08/2013 |

The charges of sodomy by means of force and oral copulation were dismissed. *Id.* But on February 8, 2013, Plaintiff pled guilty to the charges of rape

---

[1] Plaintiff's claim under the California Fair Chance Act also lacks merit. Unfortunately, the unfounded factual allegations make it such that the claim is not subject to dismissal based on the pleadings or judicially noticeable materials. To be clear, though, Amazon fully complied with the California Fair Chance Act in denying Plaintiff employment. Amazon conducted an individualized assessment of Plaintiff's conviction history in relation to the Amazon Fresh role for which he received an offer of employment and made a preliminary decision to deny Plaintiff employment. Amazon then sent Plaintiff a pre-adverse action notice identifying the criminal convictions that formed the basis of the possible adverse decision. RJN, Ex. 2. Through this notice, Amazon provided Plaintiff with an opportunity to submit evidence of rehabilitation or mitigating circumstances, which he failed to do. Subsequently, Amazon issued Plaintiff a final adverse action notice, which contained all notices required by the California Fair Chance Act. RJN, Ex. 3.

duress menace and rape by use of drugs. *Id.* Plaintiff was sentenced to a total of six years in prison. *Id.*

### B. **Plaintiff Applied for an Amazon Fresh Role.**

In March 2022, Plaintiff applied for employment with Amazon as an associate at its Amazon Fresh store in Mission Viejo, California. FAC, ¶ 22. On or about March 18, 2022, Amazon extended Plaintiff a conditional offer of employment for the Amazon Fresh role, subject to Plaintiff passing a background check. *Id.*, ¶ 23.

### C. **Accurate Prepared a Background Check Report on Plaintiff That Contained the Search Results of Court Records for Plaintiff's Criminal Convictions.**

At Amazon's request, Accurate prepared a background check report on Plaintiff. In preparing the report, Accurate ran searches of Plaintiff's criminal history in various courts, including Orange County Superior Court. RJN, Ex. 1. The search of criminal records in Orange County identified Plaintiff's felony convictions for rape duress menace and rape by use of drugs. *Id.*

**CASE FILE: 1**

| CASE NUMBER: | 11WF0759 | FILING DATE: | 04/04/2011 |
|---|---|---|---|
| IDENTIFIED BY: | ☑ NAME: LERMA, MIGUEL NULL | OTHER: | MEETS IDENTIFIER POLICY |

| CHARGES: | NUMBER | DESCRIPTION | LEVEL | DISPOSITION |
|---|---|---|---|---|
| | #1 | RAPE DURESS MENACE | FELONY | GUILTY |
| | Charge Disposition Date: | 01/08/2013 | | |
| | CHARGE SENTENCING: | | | |
| | OTHER: | Sentencing Summary:6 YEAR(S) PRISON; | | |

| | NUMBER | DESCRIPTION | LEVEL | DISPOSITION |
|---|---|---|---|---|
| | #2 | RAPE BY USE OF DRUGS | FELONY | GUILTY |
| | Charge Disposition Date: | 01/08/2013 | | |
| | CHARGE SENTENCING: | | | |
| | OTHER: | Sentencing Summary:6 YEAR(S) PRISON; | | |

1  The background check report did not contain any information obtained from
2  the Megan's Law website.

```
NATIONAL SEX OFFENDER DATABASE SEARCH                          NO RECORD FOUND

SEARCH ID:         250459977
SEARCH TYPE:       NATIONAL SEX OFFENDER DATABASE SEARCH
STATUS/RESULT:     NO RECORD FOUND
COMPLETION DATE:   2022-03-21

RESULT NOTE:
The Sex Offender Registry search has been processed. The results, if any, are reflected in the
applicable search(es).
```

### D. Amazon Made a Preliminary Decision to Deny Plaintiff Employment Based on the Felony Rape Convictions in the Background Check Report.

Subsequently, Amazon reviewed Plaintiff's conviction history in the background check report and based on that conviction history made a preliminary decision to rescind Plaintiff's conditional job offer. FAC, ¶¶ 25, 59. On March 23, 2022, Accurate, on Amazon's behalf, sent Plaintiff an email titled "Notice of Possible Adverse Action Based Upon Consumer Report." FAC, ¶ 25; *see also* RJN, Ex. 2. In the notice, Amazon notified Plaintiff that a background check report was requested about him, that information contained in the report could influence his eligibility for employment, and identified the specific convictions that formed the basis for the preliminary decision to rescind his conditional job offer. The notice provided in relevant part:

> Enclosed or at the link provided below is a consumer report that was requested about you by Amazon.com, Inc. or its subsidiaries or affiliates ("Amazon"). Information contained in the report may influence your eligibility for employment, continued employment, or an independent contractor relationship with Amazon . . . The item(s) under review include, in whole or in part, the following information:

RAPE DURESS MENACE FELONY GUILTY - 04/04/2011

RAPE BY USE OF DRUGS FELONY GUILTY - 04/04/2011

FAC, ¶ 25; RJN, Ex. 2.

The pre-adverse action notice enclosed a copy of the background check report that Accurate prepared. RJN, Ex. 2.

### E. Amazon Rescinds Plaintiff's Conditional Job Offer.

Two weeks later, on April 6, 2022, Amazon sent Plaintiff an adverse action notice. FAC, ¶ 27; RJN, Ex. 3. The adverse action notice informed Plaintiff that Amazon would not be entering into an employment relationship with Plaintiff because of his felony convictions:

> Amazon.com, Inc. or its subsidiaries or affiliates ("Amazon") procured a consumer report, also known as a background check on you. We now write to advise you of an adverse action that Amazon has taken against you. Specifically, Amazon has decided not to enter into, or to discontinue, an employment or independent contractor relationship with you. The following provided information was used as the basis for the decision:

RAPE DURESS MENACE FELONY GUILTY - 04/04/2011

RAPE BY USE OF DRUGS FELONY GUILTY - 04/04/2011

FAC, ¶27; RJN, Ex. 3.

This correspondence again enclosed a copy of the background check report that Accurate prepared. RJN, Ex. 3.

### F. The Present Action

On September 21, 2022, Plaintiff filed this lawsuit against Amazon and Accurate. ECF No. 1. On November 15, 2022, Plaintiff filed a First Amended Class Action Complaint. ECF No. 20. Plaintiff has pled the following claims for relief against Amazon and/or Accurate: (1) claim under California's Megan's Law (Cal. Pen. Code § 290.4 *et seq.*); (2) claim under California's Fair Chance Act (Cal. Gov't Code § 12952) (against Amazon only); (3) claim under California's Investigative Consumer Reporting Agencies Act (Cal. Civ. Code § 1786.18)

(against Accurate only); (4) claim under the Fair Credit Reporting Act (15 U.S.C. § 1681b(b)(1) (against Accurate only); and (5) claim under California's Unfair Competition Law (Cal. Bus. & Prof. Code §17200). Plaintiff's claims against Amazon are premised on the allegation that Amazon unlawfully obtained information regarding his prior felony convictions from the Megan's Law website and used that information to deny Plaintiff employment. *See*, *e.g.*, FAC, ¶ 29.

## III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "plausibility standard is not akin to a 'probability requirement,' but rather, it asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556-57). A complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ("[B]are assertions… amounting to nothing more than a 'formulaic recitation of the elements'" of a claim "are not entitled to an assumption of truth" (quoting *Iqbal*, 556 U.S. at 681)). Therefore, the Court may not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (holding that "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim").

The Court considers whether the pleading's "factual content … allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged," such that "it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Dismissal is required when a complaint lacks a cognizable legal theory or fails to allege facts sufficient to support a cognizable legal theory. *Twombly*, 550 U.S. at 555; *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008); Fed. R. Civ. P. 12(b)(6).

## IV. ARGUMENT

### A. The Court May Consider the Background Check Report, the Pre-Adverse Action Notice, and the Adverse Action Notice in Ruling Upon Amazon's Motion to Dismiss.

When ruling upon a motion to dismiss, a court may "consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("Our approach is permissible under the 'incorporation by reference' doctrine, which permits us to take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading" (citations omitted)). "The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Further, the court may use the incorporation by reference doctrine to consider extrinsic evidence even if a complaint deliberately fails to mention a critical document upon which it relies. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706, *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 681 (9th Cir. 2006). This "[p]revents plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references

to documents upon which their claims are based." *Id.*

Here, Plaintiff references and relies upon the contents of Amazon's background check report, the pre-adverse action notice, and the adverse action notice to advance his purported theory that Amazon improperly obtained and used information about Plaintiff's felony rape convictions from the Megan's Law sex offender registry. *See, e.g.*, FAC ¶¶ 25, 27, 59. These documents are essential to Plaintiff's claims, yet Plaintiff did not attach them to his First Amended Complaint. Accordingly, the Court may take judicial notice of these documents and consider them in connection with this Motion.

**B.  Plaintiff's Purported Claim for Violation of Megan's Law Should Be Dismissed Because Amazon Learned About Plaintiff's Convictions From Court Records—Not the Megan's Law Website.**

Employers are not permitted to use information disclosed on the Megan's Law website to make employment decisions. Cal. Pen. Code § 290.46(j)(2)(E). Here, however, Amazon obtained information regarding Plaintiff's felony convictions from a background check report prepared by Accurate, not the Megan's Law website. *See* RJN, Ex. 1. As set forth above, Accurate ran searches regarding Plaintiff's criminal history in various courts, including Orange County Superior Court. The search of criminal records in Orange County identified Plaintiff's felony convictions for rape duress menace and rape by use of drugs. The background check report did not contain any information obtained from the Megan's Law website. In rescinding Plaintiff's conditional job offer, Amazon relied upon the criminal history information from Orange County Superior Court contained in the background check report, not information disclosed on the Megan's Law website. Amazon's consideration of Plaintiff's felony conviction history therefore was permissible. Accordingly, Plaintiff's Megan's Law claim fails as a matter of law and should be dismissed with prejudice.

### C. Plaintiff's Claim for Purported Violation of California's Unfair Competition Law Should Be Dismissed.

Plaintiff's UCL claim fails for three reasons: (1) because the underlying claim under Megan's Law fails, then so too does the derivative claim under the UCL; (2) Plaintiff already has an adequate remedy at law, thus precluding relief under the UCL; and (3) Plaintiff lacks standing to sue for injunctive relief.

#### 1. Because Plaintiff's Claim under Megan's Law Lacks Merit, So Too Does His Derivative Claim Under the UCL.

The UCL prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "By proscribing any unlawful business practice, the UCL borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Alvarez v. Chevron Corp.*, 656 F.3d 925, 933 n.8 (9th Cir. 2011). "If a plaintiff cannot state a claim under the predicate law, . . . [the UCL] claim also fails." *Hadley v. Kellogg Sales Co.*, 243 F.Supp.3d 1074, 1095 (N.D. Cal. 2017).

As set forth above, Amazon did not engage in any unlawful conduct when it rescinded Plaintiff's conditional job offer. Amazon did not base its decision on information obtained from the Megan's Law sex offender registry. Rather, it obtained information regarding Plaintiff's felony rape convictions from a background check report that was prepared from searching court records. Megan's Law does not prohibit searching court records. Because Amazon's conduct was permissible, there is no factual predicate for Plaintiff's UCL claim and his claim should therefore be dismissed.

#### 2. Plaintiff Is Not Entitled to Relief Under the UCL Where He Has an Adequate Remedy at Law.

Plaintiff's UCL claim fails for the additional, independent reason that he already has an adequate remedy at law. The UCL only affords equitable relief to a

plaintiff. *Nationwide Biweekly Admin., Inc. v. Superior Court*, 9 Cal.5th 279, 292 (2020) (concluding that the "causes of action established by the UCL" are "equitable in nature"); *Clark v. Superior Court*, 50 Cal.4th 605, 610 (2010) (under the UCL, a private plaintiff's "remedies are generally limited to injunctive relief and restitution"). When a state law claim for equitable relief is before a federal court, "the necessary prerequisite for a court to award equitable remedies is the absence of an adequate remedy at law." *Barranco v. 3D Sys. Corp.*, 952 F.3d 1122, 1129 (9th Cir. 2020). Accordingly, a plaintiff must specifically allege that he lacks an adequate legal remedy to survive a motion to dismiss. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (dismissing a UCL claim because "the operative complaint does not allege that [plaintiff] lacks an adequate legal remedy"); *see also Clark v. Am. Honda Motor Co.*, 528 F. Supp. 3d 1108, 1121 (C.D. Cal. 2021) (dismissing a UCL claim because "Plaintiffs have not pointed to any allegation in the Complaint pleading that they lack an adequate remedy at law").

Notably, Plaintiff seeks compensatory damages in his First Amended Complaint. *See, e.g.,* FAC, ¶¶ 54, 62; *see also* Plaintiff's Prayer for Relief. He therefore has not—and cannot—allege that he lacks an adequate remedy at law. Because Plaintiff's alleged injuries can be redressed by compensatory damages, Plaintiff is not entitled to equitable relief, including an injunction. Plaintiff's UCL claim must be dismissed on this basis.

### 3. Plaintiff Lacks Standing to Seek Injunctive Relief.

Plaintiff's First Amended Complaint seeks an injunction ordering Amazon to "cease from using information on the Megan's Law Website for employment purposes."[2] *See* FAC, ¶¶ 78, 82. Because Amazon does not currently employ

---

[2] The only other remedy available to Plaintiff pursuant to the UCL is restitution. *Clark v. Superior Court*, 50 Cal.4th 605, 610 (2010). Plaintiff has not and cannot allege that he is entitled to restitution, as Amazon has not taken or withheld any monies that rightfully belong to Plaintiff.

Plaintiff, however, he lacks standing to sue for such relief.

To establish that he has standing to sue for an injunction, a plaintiff must demonstrate that he suffered an injury that was caused by the defendant and is likely to be redressed by the relief he seeks. *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1057 (9th Cir. 2004). Courts have held that former employees lack standing to sue for an injunction against their former employers because they cannot demonstrate that an injunction will remedy their injuries. *See, e.g.*, *Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006) (holding that a former employee "lacked standing to sue for injunctive relief from which she would not likely benefit"); *Madrid v. Perot Sys. Corp.,* 130 Cal. App. 4th 440, 463 (2005) (sustaining demurrer to UCL claim because plaintiff lacked standing to seek injunctive relief where he pled no factual basis to infer a threat of continuing misconduct); *Cunha v. IntelliCheck, LLC*, 254 F. Supp. 3d 1124, 1138 (N.D. Cal. 2017) ("As a former employee who alleges a past wrong—namely, an unlawful background check that caused his termination—Cunha does not have standing to seek prospective injunctive relief because he has failed to show a sufficient likelihood that he will personally be harmed by ProPacific's and IntelliCheck's practices again in the future."); *Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 961-62 (N.D. Cal. 2016) (finding that the plaintiff, as a former employee, did not have standing to pursue injunctive relief under the UCL because he could not show that he faced a real and immediate threat of repeated injury from Groceryworks' practices); *Suarez v. Bank of America Corp.*, No. 18-cv-01202-MEJ, 2018 WL 2431473, at *31 (N.D. Cal. May 30, 2018) (finding that the plaintiff, a former employee, could not "demonstrate the existence of a threat of real and immediate future harm such that she has a personal need for injunctive relief").

In *Walsh*, the plaintiff sought "injunctive relief to force the defendant to

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Silicon Valley

11

AMAZON'S MEMO OF POINTS &
AUTHORITIES ISO MOTION TO DISMISS
CASE NO. 8:22-CV-01727-FWS-JDE

adopt and enforce lawful policies regarding discrimination based on disability." *Walsh*, 471 F.3d at 1036. The court held that because the plaintiff was no longer employed, she could not establish that her alleged injuries were likely to be redressed by an injunction. *Id*. at 1037. Like the *Walsh* plaintiff, Plaintiff seeks an injunction forcing Amazon—an entity for which he does not work—to refrain from engaging in certain alleged behavior. Although Plaintiff was a prospective employee rather than a former employee, the *Walsh* court's logic applies with equal force here. Plaintiff is unlikely to benefit from injunctive relief because Plaintiff is not currently suffering an injury from the ongoing alleged misconduct that he seeks to enjoin.

Plaintiff therefore lacks standing to sue for injunctive relief pursuant to the UCL. Given that this is the only relief that Plaintiff seeks in connection with his UCL claim, this claim should be dismissed.

## V. CONCLUSION

Amazon acted lawfully when it rescinded Plaintiff's conditional job offer based on felony conviction information contained in a background check report that Accurate obtaining from searching court records. Because Amazon acted lawfully, Plaintiff cannot state a claim for a violation of Megan's Law or a derivative claim pursuant to the UCL. Additionally, Plaintiff is not entitled to injunctive relief pursuant to the UCL because he has an adequate remedy at law and lacks standing to sue for such relief.

For these reasons, Amazon requests that the Court issue an order dismissing Plaintiff's first and fifth claims for relief against Amazon with prejudice pursuant to Rule 12(b)(6).

Dated: December 15, 2022

MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Andrew P. Frederick*
Andrew P. Frederick
Ashlee N. Cherry
Aleksandr Markelov

Attorneys for Defendants
AMAZON.COM SERVICES, LLC
and AMAZON LOGISTICS, INC.