RAY KIM LAW, APC
Raymond Y. Kim (SBN 251210)
355 South Grand Avenue, Suite 2450
Los Angeles, CA  90071
Telephone:   833-729-5529
Facsimile:    833-972-9546
E-mail:        ray@raykimlaw.com

Attorneys for Plaintiff
Miguel Lerma

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL LERMA, JR., individually and on behalf of all others similarly situated, <br><br>          Plaintiffs, <br><br>     vs. <br><br> AMAZON.COM SERVICES, LLC., AMAZON LOGISTICS, INC., ACCURATE BACKGROUND, LLC, and DOES 1-5, <br><br>          Defendants. | Case No.: 8:22−cv−01727 FWS (JDEx) <br><br> **PLAINTIFF'S OPPOSITION TO AMAZON.COM SERVICES, LLC AND AMAZON LOGISTICS, INC.'S MOTION TO DISMISS FIRST AND FIFTH CLAIMS IN FIRST AMENDED COMPLAINT AND OPPOSITION TO ACCURATE BACKGROUND, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** <br><br> Date:  February 16, 2023 <br> Time:  10:00 a.m. <br> Dept.: 10D <br> Judge: Hon. Fred W. Slaughter |

*Ray Kim Law, APC*
*355 South Grand Avenue, Suite 2450*
*Los Angeles, CA  90071*

Contents

I.      INTRODUCTION ..................................................................................................1

II.     FACTUAL ALLEGATIONS ................................................................................3

    A.  Following His Conviction And Release, Plaintiff Worked Diligently To Rehabilitate And Become A Productive Member Of His Community...................................................3

    B.  Based On Information Obtained By Accurate, Amazon And Accurate Used Information From The Megan's Law Website For Employment Purposes And Rescinded Plaintiff's Employment Offer ......................................................4

    C.  The National Database Is Based Entirely On Registry Information From State Registry Websites, Including The California Megan's Law Website. ...........................6

III.    LEGAL STANDARD FOR MOTION TO DISMISS..........................................8

IV.     ARGUMENT .......................................................................................................8

    A.  Defendants' Motions To Dismiss The Megan's Law Claim Should Be Denied............8

        1.  The Background Report Defendants Seek To Incorporate By Reference Does Not, And Cannot, Refute Plaintiff's Allegations .........................................8

        2.  Plaintiff Pleads Facts Sufficient To Plead A Claim Against Defendants Under Megan's Law ......................................................................10

        3.  Plaintiff Sufficiently Alleges That Accurate Is An Agent And Fiduciary Representative Of Amazon And A "User" Of The Megan's Law Website...............13

    B.  Plaintiff Hereby Dismisses The ICRAA Claim Without Prejudice..............................14

    C.  Plaintiff Pleads Sufficient Allegations To Support A Claim Against Accurate Under The FCRA......................................................................................14

    D.  Plaintiff States A Viable Claim Under The UCL ........................................16

V.      Conclusion ........................................................................................................19

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 2 -

OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS
FIRST AMENDED COMPLAINT

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ........................................ 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ........................................ 8

*Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir.1993) ........................................ 8

*Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ........................................ 8

*Guzman v. Polaris Industries Inc.*, 49 F.4th 1308, 1313-15 (2022) ........................................ 18

*Juster v. Workday, Inc.* ........................................ 16

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) ........................................ 8, 9

*Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ........................................ 8

*Los Angeles Cath. Worker v. Los Angeles Downtown Indus. Dist. Bus. Improvement Dist.*, No. CV147344PSGAJWX, 2015 WL 13650018, at *3 (C.D. Cal. Jan. 13, 2015) ........................................ 14

*Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.1988) ........................................ 8

*Marchioli v. Pre-employ.com, Inc.* ........................................ 16

*McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1473–74 (2006) ........................................ 17

*Nanty v. Barrows Co.*, 660 F.2d 1327, 1333 (9th Cir. 1981) ........................................ 19

*O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756 (9th Cir. 1996) ........................................ 19

*Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137–38 (9th Cir. 2001) ........................................ 19

*Rosenberg v. Renal Advantage, Inc.*, No. 11-CV-2152-GPC-KSC, 2013 WL 3205426, at *9 (S.D. Cal. June 24, 2013) ........................................ 19

*Sonner v. Premier Nutrition Corporation* (*Sonner II*), 49 F.4th 1300, 1304-08 (2022) ........................................ 18

*Stewart v. San Luis Ambulance, Inc.*, No. LA-CV 13-09458-BRO (SSx), 2015 WL 12681650, at *1 (C.D. Cal. Aug. 7, 2015) ........................................ 15

*Sugar Co-op v. Archer-Daniels-Midland Co.*, 2012 WL 3101659, at *5 (C.D. Cal. 2012) ........................................ 14

*Unicorn Glob., Inc. v. Hillo Am., Inc.*, No. LACV1903028, 2021 WL 1034838, at *1 (C.D. Cal. Feb. 12, 2021) ........................................ 15

*U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ........................................ 9

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS
FIRST AMENDED COMPLAINT

**Statutes**

15 U.S.C. § 1681b ...................................................................................................... 2, 15, 16

Cal. Business and Professions Code § 17200 .................................................. 2, 17, 18, 19

Cal. Government Code § 12952 ............................................................................................ 2

Cal. Penal Code § 290.46 ..................................................................................................... 2

Fed. R. Evid. 201 .................................................................................................................. 9

**Other Authorities**

California Civil Rights Department, *Fair Chance Act: Guidance for California Employers and Job*
   *Applicants* (available at https://calcivilrights.ca.gov/fair-chance-act/) ................................. 18

*California Megan's Law Website,*
   https://meganslaw.ca.gov/OffenderDisplay.aspx?searchby=offender&ID=18613038C4405&
   NSOPRFlag=True&x=3a1ab43e-8719-4085-ac2f-e5dc093211d8   ................................. 7, 11

*Dru Sjodin, National Sex Offender Public Website*, Conditions of Use, at
   https://www.nsopw.gov/en/Search/Verification ..................................................................... 7

**Rules**

C.D. Cal. L.R. 7-3 .............................................................................................................. 15

Civil Standing Order, § VIII.a ........................................................................................... 15

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS
FIRST AMENDED COMPLAINT

1

# I.    INTRODUCTION

2      In this Opposition brief Plaintiff Miguel Lerma ("Plaintiff") responds to the

3  Motion to Dismiss the First and Fifth Claims in the First Amended Complaint

4  ("Amazon's Motion") brought by defendants Amazon.com Services, LLC and

5  Amazon Logistics, Inc. (together "Amazon") *and* the Motion to Dismiss the First

6  Amended Complaint ("Accurate's Motion") brought by defendant Accurate

7  Background, LLC ("Accurate") (jointly the "Motions").  As explained below,

8  Plaintiff voluntarily dismisses the California Investigative Consumer Reporting

9  Agencies Act ("ICRAA") claim against Accurate pursuant to Federal Rule of Civil

10  Procedure 41(a).  As to the remainder of Defendants' Motions, Defendants'

11  arguments are wholly based on the contention that the background report generated

12  by Accurate does not mention a search of the California Megan's Law website.  This

13  alone cannot overcome the well-pled allegations and underlying facts which establish

14  that Accurate reviewed the Megan's Law website in generating the report.

15      Notably, Accurate admits – and the background report shows – that Accurate

16  reviewed the National Sex Offender Database (the "National Database").  The

17  National Database only contains information from various State sex offender

18  registries, such as the California Megan's Law website.[1]  A search for Plaintiff on the

19  National Database automatically transfers the user to the Megan's Law website.[2]

20  While Accurate claims that its review of the National Database shows "NO

21  RECORD FOUND," to the contrary Plaintiff appears on the National Database based

22  on information from the Megan's Law website, the site discloses that Plaintiff is a

23  registered offender and shows the identical information in Accurate's Exhibit 2 to its

24

25  [1] *See* Dru Sjodin, National Sex Offender Public Website, Conditions of Use, at
   https://www.nsopw.gov/en/Search/Verification (last visited on January 10, 2022); California
26  Megan's Law Website,
   https://meganslaw.ca.gov/OffenderDisplay.aspx?searchby=offender&ID=18613038C4405&NSOP
27  RFlag=True&x=3a1ab43e-8719-4085-ac2f-e5dc093211d8 (a search for Plaintiff on the National
   Sex Offender Database automatically takes the user to this link showing Plaintiff is a registered
   offender) (last visited on January 10, 2023).
28  [2] *Id.*

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

Request for Judicial Notice ("RJN").[3]  This fact alone establishes that Accurate used the Megan's Law website for the background report, and as a result Amazon and Accurate used the Megan's Law website to determine whether Plaintiff was fit for employment with Amazon.  At the very least this fact warrants further discovery on the issue.  As such, Plaintiff's claim in the First Amended Complaint ("FAC") against Defendants under the: (i) California Megan's Law, Penal Code § 290.46 ("Megan's Law"); and (ii) California Unfair Competition Law ("UCL"), Business and Professions Code § 17200 must survive the Motions.[4]  Similarly, Accurate furnished a consumer report to Amazon with knowledge that the information from the report will be used in violation of California's Megan's Law, in violation of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(1).

With respect to Defendants' challenges to the UCL claim, because Plaintiff has stated a viable claim under Megan's Law the UCL claim must survive.  Also, in addition to being unlawful Plaintiff brings a claim under the UCL's *unfairness* prong.  With respect to injunctive relief, Plaintiff specifically alleges that, "[i]f Defendants would give Plaintiff a fair chance at employment, Plaintiff would like to apply again to work for Amazon."[5]  Thus, Plaintiff has standing because he suffered an injury (unlawful and unfair employment decision and loss of employment opportunity) that will be redressed if the Court orders Defendants to "cease from using information on the Megan's Law Website for employment purposes."[6]  Finally, with respect to Amazon's contention that the legal remedies sought in the FAC bar Plaintiff from seeking equitable remedies under the UCL in federal court, based on Ninth Circuit authority published after *Sonner I* (cited by Amazon), the UCL claim may be dismissed *without* prejudice only.

---

[3] *Id*.
[4] Amazon does not move to dismiss Plaintiff's claim under the California Fair Chance Act, Government Code § 12952 ("Fair Chance Act").
[5] FAC ¶ 30.
[6] FAC ¶ 82(a).

OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS
FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10

Since his release from prison Plaintiff has made tremendous efforts to rehabilitate himself, including obtaining a B.A. in Finance from Cal State Fullerton and working a number of "professional" jobs through campus while he was a student. It is reasonable to say that Plaintiff is "overqualified" for the store associate position that Amazon conditionally offered him in March 2022, after he had been employed at Amazon as a seasonal associate. Defendants' use of Plaintiff's conviction history on the Megan's Law website should not, and legally cannot, be permitted. Accordingly, Plaintiff respectfully requests that the Court deny the Motions, or alternatively, give Plaintiff leave to amend to allege additional facts to support his claims against Defendants.

## II.    FACTUAL ALLEGATIONS

11
12
13

**A.    Following His Conviction And Release, Plaintiff Worked Diligently To Rehabilitate And Become A Productive Member Of His Community**

14
15
16
17
18
19
20
21

Plaintiff is an Airforce Veteran and former Federal Officer for the United States Department of Homeland Security ("DHS"). FAC ¶ 11. Following his military career, Plaintiff was a Customs and Border Protection Officer for approximately six years. *Id.* ¶ 12. In 2011, Plaintiff was arrested and charged with committing sexual offenses, and was convicted in January 2013. *Id.* As a result, Plaintiff appears as a registered sex offender on the Megan's Law Website and the National Sex Offender database, along with information about the basis for his convictions. *Id.*

22
23
24
25
26
27
28

Since his release, Plaintiff has worked extremely diligently to gain the skills and knowledge to start a professional career and successfully reintegrate into his community. Among other things, Plaintiff obtained his Associate in Arts degree from Coastline College in Business Administration, and then obtained his Bachelor of Arts degree in Finance from the College of Business & Economics at California State University, Fullerton ("Cal State Fullerton") in June 2021. *Id.* ¶ 13. While attending school, Plaintiff held a number of professional jobs through campus. Id ¶

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA  90071

- 3 -

14.  For three years Plaintiff worked as a Veteran Services Specialist at the Veterans Resource Center at Coastline College and as a Peer Intake Specialist at the Veterans Resource Center at Cal State Fullerton.  *Id.*  Plaintiff also served as the President of the Student Veterans of America (SVA) Chapter at Coastline College.  *Id.*  In addition, while a student at Cal State Fullerton Plaintiff worked as an investment analyst at Titan Capital Management, overseeing a $1.5 million investment portfolio of Cal State Fullerton's Philanthropic Foundation, conducting research and analysis on securities and capital markets, and writing comprehensive reports for the Foundation's Board of Directors.  *Id.*

However, following his graduation from Cal State Fullerton Plaintiff has faced extreme difficulty finding a steady, full-time job.  *Id.* ¶ 15.  To make ends meet, Plaintiff has held a number of part-time positions.  *Id.*  And to make himself more marketable, he recently completed and received Microsoft SQL certification and hopes to start a career as a data analyst or financial advisor.  *Id.*  Since his release Plaintiff has made every effort to rebuild and redefine himself by educating himself and working diligently to become a productive member of his community.  *Id.* ¶ 16.

**B.    Based On Information Obtained By Accurate, Amazon And Accurate Used Information From The Megan's Law Website For Employment Purposes And Rescinded Plaintiff's Employment Offer**

In late 2021, Plaintiff applied for a seasonal associate position with Amazon at its fulfillment center in Mission Viejo, California.  *Id.* ¶ 17.  On or about November 5, 2021, Amazon offered Plaintiff the job, "contingent upon passing a drug test, background check, and completing other employment requirements[.]"  *Id.*  Plaintiff passed the drug test, completed the other employment requirements, and cleared the background check.  *Id.* ¶ 18.  On November 15, Plaintiff began work with Amazon.  Plaintiff performed very well and was interested in working further at Amazon.  *Id.*

The seasonal position with Amazon was to end in March 2022.  On February 26, 2022, Amazon emailed Plaintiff stating:

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA  90071

OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS
FIRST AMENDED COMPLAINT

The last day of employment will be the date that was communicated to you on the notification you received. ***You are marked as re-hire eligible and can reapply at any time after your assignment has officially ended*** and your separation has been processed. Job postings can be found at http://amazondelivers.jobs. Thank you again for your great work during your temporary assignment with us. Your contribution to Amazon, the team, and our customers is truly appreciated.

*Id.* ¶ 19 (emphasis added).  On February 28, Amazon emailed Plaintiff stating, "Thank you for contacting the Employee Resource Center (ERC) today! We are glad to hear that you want to continue working for us as a Permanent associate!"  *Id.* ¶ 20.  In the email, Amazon provided instructions for applying for a permanent position with Amazon.  *Id.*  On March 4, 2022, Plaintiff's seasonal employment ended with Amazon ended.  *Id.* ¶ 21.

Plaintiff applied to be a store associate with Amazon at its Amazon Fresh store in Mission Viejo.  *Id.* ¶ 22.  Amazon Fresh is an online and brick and mortar grocery store.  *Id.*  His primary responsibilities as a store associate were to fulfill online Amazon Fresh orders, receive stock and replenish products.  *Id.*  On or about March 18, Amazon offered Plaintiff the job contingent upon Plaintiff passing a background check.  *Id.* ¶ 23.

On or about March 22, Accurate generated a background report on Plaintiff.  *Id.* ¶ 24.  On its website, Accurate touts that its "better reporting" includes conducting criminal background checks, including its "Sex Offender Registry Search."  *See accurate*, "Criminal Background Check Services," (available at https://www.accurate.com/employment-screening/criminal-background-checks/) (last visited on November 15, 2022).  *Id.*

On March 23, Accurate, as an agent and at the direction of Amazon, emailed Plaintiff a pre-adverse action notice.  Among other things, it stated that it was notifying Plaintiff "of possible adverse action based upon consumer report," and:

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

The item(s) under review include, in whole or in part, the following information:

RAPE DURESS MENACE FELONY GUILTY - 04/04/2011

RAPE BY USE OF DRUGS FELONY GUILTY - 04/04/2011

(emphasis in original).

*Id.* ¶ 25.  *See* also attached **Exhibit A**, Pre-Adverse Action Notice.[7]  On April 6, Accurate, as an agent and at the direction of Amazon, emailed Plaintiff a post-adverse action notice, stating:

We now write to advise you of an adverse action that Amazon has taken against you. Specifically, Amazon has decided not to enter into, or to discontinue, an employment or independent contractor relationship with you.

The following provided information was used as the basis for the decision:

RAPE DURESS MENACE FELONY GUILTY - 04/04/2011

RAPE BY USE OF DRUGS FELONY GUILTY - 04/04/2011

(emphasis in original).

*Id.* ¶ 27.  *See* also attached **Exhibit B**, Post-Adverse Action Notice.[8]

**C.    The National Database Is Based Entirely On Registry Information From State Registry Websites, Including The California Megan's Law Website.**

Accurate searched the National Database for Plaintiff.  Accurate Motion at 8:4-6; Accurate RJN, Exhibit 2.  The National Database is based entirely on Registry Information contained in State registry websites, including the California Megan's Law website.  *See Dru Sjodin, National Sex Offender Public Website*, Conditions of

---

[7] **Exhibit A** is a complete copy of the pre-adverse action notice, which Amazon included as Exhibit 2 to its RJN.  **Exhibit A** shows the entire notice, including the sender Accurate.
[8] **Exhibit B** is a complete copy of the post-adverse action notice, which Amazon included as Exhibit 3 to its RJN.  **Exhibit B** shows the entire notice, including the sender Accurate.

OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS
FIRST AMENDED COMPLAINT

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA  90071

Use, at https://www.nsopw.gov/en/Search/Verification (last visited on January 10, 2022) ("Using this Website, interested members of the public have access to and may search participating Jurisdiction Website public information regarding the presence or location of offenders … Information from the various Jurisdiction Websites is not hosted by the Department, and the Department has neither responsibility for nor control over the information available for public inspection.").[9] A search of the National Database automatically takes the user to the relevant State registry website. *Id.* Specifically, a search for Plaintiff on the National database automatically takes the user to California's Megan's Law website. *See California Megan's Law Website*, https://meganslaw.ca.gov/OffenderDisplay.aspx?searchby=offender&ID=18613038C4405&NSOPRFlag=True&x=3a1ab43e-8719-4085-ac2f-e5dc093211d8 (last visited on January 10, 2023). Thus, by searching the National Database, Accurate and Amazon used information from the Megan's Law website for employment purposes. *Id.*; Amazon's RJN, Exhibit 2.

Amazon and Accurate, as an agent and/or fiduciary representative of Amazon, refused to hire Plaintiff because of conviction information Accurate obtained from the Megan's Law website. FAC ¶¶ 25, 27, 29. Amazon hires, directs, and authorizes Accurate to use information in the background report provided by Accurate to make employment decisions for and on behalf of Amazon. *Id.* Accurate acted as an agent and/or fiduciary representative for Amazon and acted within the course and scope of such agency or fiduciary relationship in using the information from the Megan's Law Website to deny Plaintiff employment. *Id.* If Defendants would give Plaintiff a fair

---

[9] The Court may take judicial notice of the U.S. Department of Justice website and the information contained therein. *See, e.g., L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 938 (C.D. Cal. 2011) (granting "request [that] the Court take judicial notice of results of records searches from the California Secretary of State website"); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities (the school districts), and neither party disputes the authenticity of the web sites or the accuracy of the information displayed therein.").

OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS
FIRST AMENDED COMPLAINT

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

chance at employment, Plaintiff would like to apply again to work for Amazon. *Id.* ¶ 30.

### III.   LEGAL STANDARD FOR MOTION TO DISMISS

When deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.1988). "[O]f course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

"[W]hen the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), '[r]eview is limited to the complaint'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (*citing Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir.1993)). "All factual allegations set forth in the complaint 'are taken as true and construed in the light most favorable to [p]laintiffs.'" *Id.* (*citing Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). "Indeed, factual challenges [based on judicially noticed information] to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *Id.*

### IV.   ARGUMENT

**A.   Defendants' Motions To Dismiss The Megan's Law Claim Should Be Denied**

    **1.   The Background Report Defendants Seek To Incorporate By Reference Does Not, And Cannot, Refute Plaintiff's Allegations**

There are two doctrines that allow district courts to consider material outside the pleadings without converting a motion to dismiss into a motion for summary judgment: judicial notice under Federal Rule of Evidence 201 and incorporation by reference. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018),

*cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615 (2019).  "The court may judicially notice a fact that is not subject to reasonable dispute."  Fed. R. Evid. 201(b).  A fact is "not subject to reasonable dispute" if it "is generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).  However, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."  *Khoja*, 899 F.3d at 999.

Incorporation by reference is a judicially created doctrine that allows a court to consider certain documents as though they are part of the complaint itself.  *Khoja*, 899 F.3d at 1002.  "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."  *Id.*  A defendant can seek to incorporate a document into the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citations omitted).

After a defendant offers such a document under either doctrine, the district court can treat the document as part of the complaint and "thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."  *Ritchie*, 342 F.3d at 908.  *However*, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."  *Khoja*, 899 F.3d at 1003.  In fact, using extrinsic documents to "resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery" and it is "improper to do so only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint."  *Id.* at 998, 1014; *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (reversing district court's grant of motion to dismiss based on judicially noticed information: "Indeed, factual challenges to a plaintiff's complaint have no

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

- 9 -

bearing on the legal sufficiency of the allegations under Rule 12(b)(6).  In granting defendants' motions, the court assumed the existence of facts that favor defendants based on evidence outside plaintiffs' pleadings, took judicial notice of the truth of disputed factual matters, and did not construe plaintiffs' allegations in the light most favorable to plaintiffs.").

Here, Defendants' reliance on the background report, Exhibit 1 to Amazon's RJN, cannot overcome the well-pled allegations set forth by Plaintiff in the FAC. Defendants argue that the background report does "not contain any information obtained from the Megan's Law website."  Amazon Motion at 8:19-21; Accurate Motion at 7:25-28.  But that alone cannot resolve the well-pled competing theory set forth by Plaintiff that Accurate obtained information from the Megan's Law website (through the National Database), and Defendants used that information to deny Plaintiff employment.  FAC ¶¶ 29, 53.  For the reasons set forth in further detail below, Plaintiff is entitled to discovery on this issue, which will reveal that Accurate relied on the Megan's Law website in its investigation, and therefore Defendants used that information in denying Plaintiff employment.

## 2. Plaintiff Pleads Facts Sufficient To Plead A Claim Against Defendants Under Megan's Law

Defendants argue the Megan's Law claim fails on the grounds that Accurate did not obtain Plaintiff's criminal background history from the Megan's Law website. Defendants rely on the contents of the background check report and argue that Accurate obtained the criminal history data from the Orange County Superior Court, and "not information disclosed on the Megan's Law website."  *See, e.g.,* Amazon's Motion at 8:19-24; Accurate's Motion at 7:28-8:1.  The allegations and underlying facts show otherwise.

In the FAC Plaintiff plausibly alleges that Accurate obtained the information from the Megan's Law website.  FAC ¶¶ 29, 53.  On its website Accurate touts that its "better reporting" includes conducting criminal background checks, including its

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA  90071

- 10 -

"Sex Offender Registry Search."  *See* FAC ¶ 24 (citing accurate, "Criminal Background Check Services," (available at https://www.accurate.com/employment-screening/criminal-background-checks/) (last visited on November 15, 2022)).  A "Sex Offender Registry Search" would necessarily include a search of the Megan's Law website.  Indeed, Plaintiff's background report provides that Accurate searched the National Database, and Accurate acknowledges that it did.  *See* Amazon RJN, Exhibit 1, at 3, 9 of 11; Accurate Motion at 4:23-25, 8:4-7.  The National Database contains registry data from participating States, including California and the Megan's Law website.  *See Dru Sjodin, National Sex Offender Public Website*, Conditions of Use, at https://www.nsopw.gov/en/Search/Verification (last visited on January 10, 2022) ("Using this Website, interested members of the public have access to and may search participating Jurisdiction Website public information regarding the presence or location of offenders … Information from the various Jurisdiction Websites is not hosted by the Department, and the Department has neither responsibility for nor control over the information available for public inspection.").  A search of the National Database for Plaintiff automatically takes the user to California's Megan's Law website and discloses Plaintiff's criminal history.  *See California Megan's Law Website*, https://meganslaw.ca.gov/OffenderDisplay.aspx?searchby=offender&ID=18613038C4405&NSOPRFlag=True&x=3a1ab43e-8719-4085-ac2f-e5dc093211d8 (last visited on January 10, 2023).  Therefore, Accurate searched and relied on the Megan's Law website for Plaintiff's conviction history in the background report.

As argued by Defendants, the background report states that Accurate found "no record" through its "National Database search."  *See* Accurate Motion at 8:4-6; Amazon Motion at 4:1-11; Amazon RJN, Exhibit 1, at 3, 9 of 11.  This is *not* accurate.  As explained above, Plaintiff appears on the National Database, and clicking his name automatically takes the user to the Megan's Law website and shows that Plaintiff is a registered offender.  *See National Sex Offender Search*,

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA  90071

- 11 -

National Sex Offender Public Website (available at https://www.nsopw.gov/en/Search/Results) (registrant's information is available after user clicks on registrant's name, which takes the user to jurisdiction's website, e.g. Megan's Law website) (last visited on January 10, 2023).[10]  The background report's statement of "NO RECORD FOUND" raises serious questions about Accurate's investigation and suggests that Accurate attempts to hide its use of the Megan's Law website.  Plaintiff is entitled to take discovery on this issue.

In addition, the background report repeatedly states that Accurate's investigation on the Orange County court website is for a "[s]earch back 7 yrs" and "7 – No of Years Searched."  *See* Amazon RJN, Exhibit 1, at 3-7 of 11.  The search was conducted on or about March 18, 2022 and a seven year look back would cover the period after March 18, 2015.  Such a search would not uncover a charge from April 4, 2011 with a conviction date of January 8, 2013, the only dates contained the Orange County Court record in the report, both which are beyond the seven year period.  These facts once again show that Accurate used the Megan's Law website to conduct its background search.  Plaintiff is entitled to take discovery on this issue also.

Discovery will reveal that Accurate is attempting to hide its and Amazon's use of the Megan's Law website.  As alleged in the FAC, Amazon hires, directs, and authorizes Accurate to use information in the background report prepared by Accurate to make employment decisions on behalf of Amazon, and Accurate acted as an agent and/or fiduciary representative for Amazon and acted within the course and scope of such agency or fiduciary relationship in using the information from the Megan's Law Website to deny Plaintiff employment.  FAC ¶ 29.  As pled in the FAC, the facts support Plaintiff's allegations that Accurate obtained Plaintiff's conviction information from the Megan's Law website, and Accurate as an agent and

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

---

[10] The Court may also take judicial notice of the information contained in the Megan's Law website. See [CITE]

OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS
FIRST AMENDED COMPLAINT

at the direction of the principal Amazon, used this information for employment purposes. Whether Accurate included criminal history information from court filings in the background report does not absolve its and Amazon's use of information from the Megan's Law website for employment purposes. The allegations sufficiently plead liability under the Megan's Law, and Plaintiff should be given the opportunity to conduct discovery on this issue to validate its allegations, which are supported by the facts presently known to Plaintiff. Accordingly, Defendants' Motion to Dismiss the Megan's Law claim should be denied.

**3.     Plaintiff Sufficiently Alleges That Accurate Is An Agent And Fiduciary Representative Of Amazon And A "User" Of The Megan's Law Website**

Accurate argues that it is not the "user" of information on the Megan's Law website and therefore the Megan's Law claim against it must fail. That is not the case here. Plaintiff does not allege Accurate violated the Megan's Law in its capacity as a credit reporting agency or by conducting the background check or generating the background report. Instead, Plaintiff alleges that Accurate, as an agent and/or fiduciary representative of Amazon, refused to hire Plaintiff because of conviction information Accurate obtained from the Megan's Law website. FAC ¶¶ 29, 53.

Specifically, Plaintiff alleges that Accurate acted at the control and direction of Amazon in sending the pre-adverse action notice, post-adverse action notice, and ultimately in making the decision to not hire Plaintiff based on information from the Megan's Law website. FAC ¶¶ 25, 27, 29. The pre-adverse action notice and post-adverse action notice were both sent by Accurate. *See* Amazon's RJN, Exhibits 2 and 3; Plaintiff's **Exhibits A** and **B** attached hereto. In addition, Plaintiff specifically alleges that Amazon hires and authorizes Accurate to use information in the background report provided by Accurate to make employment decisions for and on behalf of Amazon, and that Accurate acted within the course and scope of such agency or fiduciary relationship in using the information from the Megan's Law

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA  90071

- 13 -

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

Website to deny Plaintiff employment. FAC ¶ 29. Accordingly, Plaintiff has properly pled an agency relationship between Accurate and Amazon. *Los Angeles Cath. Worker v. Los Angeles Downtown Indus. Dist. Bus. Improvement Dist.*, No. CV147344PSGAJWX, 2015 WL 13650018, at *3 (C.D. Cal. Jan. 13, 2015) ("Plaintiffs plead that the City controls the LADID and the CCEA… and argue that these entities perform functions that are normally performed by the Bureau of Street Services. These allegations are sufficient to plead that there is an agency relationship between the City and these entities.") (*citing Sugar Co-op v. Archer-Daniels-Midland Co.*, 2012 WL 3101659, at *5 (C.D. Cal. 2012) ("Actual control is not necessary, as long as there is an agreement that the principal has the right to control the agent, an agency relationship exists."). Plaintiff should be given an opportunity to conduct discovery on this principal-agent relationship between Defendants. In the event the Court is inclined to find Plaintiff's allegations to be insufficient, Plaintiff respectfully requests an opportunity to amend the allegations establishing the agency relationship.

**B.      Plaintiff Hereby Dismisses The ICRAA Claim Without Prejudice**

Plaintiff does not oppose Accurate's Motion to Dismiss the ICRAA claim. Based on Plaintiff's further research and investigation into the ICRAA, Plaintiff hereby dismisses the ICRAA claim against Accurate Background without prejudice. Fed. R. Civ. Proc. 41(a)(1)(A).[11]

**C.      Plaintiff Pleads Sufficient Allegations To Support A Claim Against Accurate Under The FCRA**

As a preliminary matter, Accurate did not meet and confer with Plaintiff about the arguments set forth in the Motion with respect to the FCRA claim. C.D. Cal. L.R. 7-3; Dkt. No. 11, Civil Standing Order, § VIII.a ("Counsel should take note of Local Rule 7-3, which requires "counsel contemplating the filing of any motion" to "first contact opposing counsel to discuss thoroughly, preferably in person, the substance

---

[11] At the Court's request, Plaintiff will file a separate notice of dismissal without prejudice of the ICRAA claim against Accurate.

OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS
FIRST AMENDED COMPLAINT

of the contemplated motion and any potential resolution.").  "The purpose of Local Rule 7-3 is to give all parties a full understanding of the disputes at issue and to 'foster the informal resolution of disputes without court intervention.' 'Parties must strictly adhere to the Local Rules of this [D]istrict, and a district court has the discretion to strike any motion that fails to comply with the Local Rules.'"  *Unicorn Glob., Inc. v. Hillo Am., Inc*., No. LACV1903028, 2021 WL 1034838, at *1 (C.D. Cal. Feb. 12, 2021) (*citing Stewart v. San Luis Ambulance, Inc*., No. LA-CV 13-09458-BRO (SSx), 2015 WL 12681650, at *1 (C.D. Cal. Aug. 7, 2015).  "Given the importance of L.R. 7-3 in furthering judicial and party efficiency, a failure to comply with its terms may result in the striking or denial of the motion."  *Id.* at *2.  For this reason alone, Accurate's Motion with respect to the FCRA claim should be denied.

Plaintiff's FCRA claim also survives because the claim is based on Accurate's knowledge that Amazon, and Accurate as the agent, knowingly violates the Megan's Law.  Specifically, Plaintiff brings a claim against Accurate under Section 1681b(b)(1)(A)(ii) of the FCRA.  Section 1681b(b)(1), entitled "Conditions for furnishing and using consumer reports for employment purposes," provides in pertinent part:

> A consumer reporting agency may furnish a consumer report for employment purposes only if - (A) the person who obtains such report from the agency certifies to the agency that … (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation[.]

15 U.S.C. § 1681b(b)(1)(A)(ii).

Here, Accurate argues that Plaintiff's FCRA claim fails on the grounds that the FAC does not allege whether Amazon provided Accurate with a certification that it will provide certain disclosures to the prospective employee.  However, Plaintiff alleges that Accurate furnished a consumer report to Amazon with knowledge that the information from the consumer report will be used in violation of the law,

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA  90071

1  including California's Megan's Law.  Any purported certification provided by

2  Amazon to Accurate would be illusory and ineffective because Accurate, as the

3  provider of the report and Amazon's agent in deciding to rescind Plaintiff's

4  employment offer, knows that information in the report will be used in violation of

5  Megan's Law.  Thus, Accurate's provision of the background report knowing that

6  Amazon would use the report in violation of California law violates Section

7  1681b(b)(1) of the FCRA.

8       Plaintiff's reliance on *Juster v. Workday, Inc*. is misplaced.  There, the court

9  did not even consider a claim brought under 1681b(b)(1)(A)(ii).  No. 21-CV-07555-

10  EMC, 2022 WL 3030530, at *7 (N.D. Cal. Aug. 1, 2022) ("In his papers, Mr. Juster

11  suggests still that he has a FCRA claim based on § 1681b(b)(1)… However, this

12  provision is irrelevant for purposes of the pending motion.").  Similarly, *Marchioli v.*

13  *Pre-employ.com, Inc*. is inapposite.  There, the issue was not whether the employer

14  was using information obtained in the report in violation of the law.  The district

15  court merely dismissed the Section 1681b(b)(1) claim on the basis that the plaintiff

16  did not sufficiently allege how he suffered an injury, and the court granted the

17  plaintiff leave to amend.  No. EDCV162305JGBDTBX, 2017 WL 7049527, at *12

18  (C.D. Cal. June 30, 2017).

19       Accordingly, Accurate's Motion to Dismiss the FCRA should be denied.  In

20  the event the Court is inclined to dismiss the FCRA, Plaintiff respectfully requests an

21  opportunity to amend the claim.

22  **D.   Plaintiff States A Viable Claim Under The UCL**

23       Defendants argue that Plaintiff's UCL claim should be dismissed on the

24  grounds that:  (i) the predicate claim under the Megan's Law fails, and so too does

25  the UCL claim; (2) Plaintiff has an adequate remedy at law, thus precluding equitable

26  relief under the UCL; and (3) Plaintiff lacks standing to sue for injunctive relief.

27       *First*, as explained above, Plaintiff's Megan's Law claim survives the Motion

28  to Dismiss.  As such, the UCL must also survive.  And even if the predicate Megan's

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA  90071

- 16 -

Law claim is to be dismissed, Plaintiff brings a claim under the *unfairness prong* of the UCL.  FAC ¶¶ 78-80.  "A business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits.  The determination whether a business practice is unfair 'involves an examination of [that practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer.'"  *McKell v. Washington Mut., Inc*., 142 Cal. App. 4th 1457, 1473–74 (2006) (citations omitted).  Here, Plaintiff alleges that Defendants' use of the Megan's Law website for employment purposes was unfair because it "offend[s] public policy and [is] substantially injurious to consumers and prospective employees," and these "acts and practices have no utility that outweighs their substantial harm to consumers and prospective employees."  FAC ¶¶ 78, 80. In addition, Plaintiff's Fair Chance Act claim, which is not at issue in Amazon's Motion, also serves as the basis for the UCL claim and thereby precludes the dismissal of the UCL claim.[12]  The Megan's Law and Fair Chance Act is "California law that aims to reduce undue barriers to employment for individuals with criminal histories."  *See, e.g.,* California Civil Rights Department, *Fair Chance Act: Guidance for California Employers and Job Applicants* (available at https://calcivilrights.ca.gov/fair-chance-act/).  Amazon's conduct directly contravenes the purpose and spirit of these statutes.

*Second*, Plaintiff does not disagree with Amazon's contention that he seeks legal remedies in the FAC, and therefore maybe barred from seeking equitable remedies under the UCL in federal court.  However, based on Ninth Circuit authority published after *Sonner I* (cited by Amazon), the UCL claim may be dismissed *without* prejudice only.  Based on Amazon's argument, this Court lacks equitable

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

---

[12] The FAC does not specifically allege the Fair Chance Act claim as a predicate for the UCL claim. In the event that the Court is inclined to dismiss the UCL claim as to Amazon, Plaintiff respectfully requests an opportunity to amend the FAC to include the Fair Chance Act as a predicate to the UCL claim.

OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS
FIRST AMENDED COMPLAINT

jurisdiction over Plaintiff's UCL claim.  As such, the UCL claim may only be dismissed without prejudice and preserved by Plaintiff to be brought in state court. *See, e.g., Guzman v. Polaris Industries Inc*., 49 F.4th 1308, 1313-15 (2022) ("The possibility that federal and state courts would reach different results on the same claim is itself a consequence of *Sonner's* rule that federal courts sitting in diversity may exercise equitable jurisdiction only to the extent federal equitable principles allow them to do so. But where federal law bars us from considering the merits of state-law claims, we also lack authority to prevent state courts from doing so… *the district court should have denied summary judgment on the UCL claim and dismissed it without prejudice for lack of equitable jurisdiction*.") (italics added); *Sonner v. Premier Nutrition Corporation* (*Sonner II*), 49 F.4th 1300, 1304-08 (2022) (affirming district court's denial of defendant's motion for injunction to bar state court from considering plaintiff's UCL claim, which had been dismissed in *Sonner I* for lack of equitable jurisdiction and re-filed in state court).

*Third*, Plaintiff has standing to pursue an injunction because he suffered an injury (improper employment decision and loss of employment opportunity) that could reoccur and will be redressed if the Court orders Amazon and Accurate to "cease from using information on the Megan's Law Website for employment purposes."  FAC ¶ 82(a).  In the FAC, Plaintiff specifically alleges that, "[i]f Defendants would give Plaintiff a fair chance at employment, Plaintiff would like to apply again to work for Amazon."  FAC ¶ 30.  Thus, Plaintiff's request for an injunction should survive.  *See, e.g., Nanty v. Barrows Co*., 660 F.2d 1327, 1333 (9th Cir. 1981) ("When a legitimate candidate for a job has demonstrated that he has been the subject of unlawful discrimination in the employment process, he is entitled to an injunction against future, or continued, discrimination. The purpose of such an order is to ensure that, at the very least, the applicant will receive full and fair consideration from the employer if he seeks similar employment in the future.") (*overruled on other grounds by O'Day v. McDonnell Douglas Helicopter Co*., 79 F.3d 756 (9th Cir.

- 18 -

1996)); *Rosenberg v. Renal Advantage, Inc*., No. 11-CV-2152-GPC-KSC, 2013 WL 3205426, at *9 (S.D. Cal. June 24, 2013), *aff'd*, 649 F. App'x 580 (9th Cir. 2016) (*citing Herr v. Nestle U.S.A., Inc*., 109 Cal.App.4th 779, 135 Cal.Rptr.2d 477 (2003) (finding plaintiff had standing to bring claim of injunctive relief under UCL when employer had engaged in unlawful practice of discriminating against older employees).

## V.    CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny Defendants' Motions to dismiss the Megan's Law claim, FCRA claim, and UCL claim.  In the event the Court is inclined to grant the Motions, Plaintiff requests leave to amend the FAC to add additional facts to support his claims.  *Orion Tire Corp. v. Goodyear Tire & Rubber Co*., 268 F.3d 1133, 1137–38 (9th Cir. 2001) ("Where counsel is able to posit possible amendments that would be consistent with the operative complaint and could also possibly state a claim for relief, the complaint should not be dismissed on its face with prejudice.") (citations omitted).

Dated:  January 19, 2023                    RAY KIM LAW, APC

                                            */s/ Raymond Y. Kim*
                                            Raymond Y. Kim
                                            Attorneys for Plaintiff
                                            Miguel Lerma, Jr.

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA  90071

# EXHIBIT A

| | |
|---|---|
| **From:** | Accurate Background |
| **To:** | ▬▬▬.com |
| **Subject:** | URGENT: Pre-Adverse Action notification regarding your Consumer Report for Amazon Physical Stores |
| **Date:** | Wednesday, March 23, 2022 9:39:27 AM |

03/23/2022

Re: Notice of Possible Adverse Action Based Upon Consumer Report

Dear Miguel Lerma:

Enclosed or at the link provided below is a consumer report that was requested about you by
Amazon.com, Inc. or its subsidiaries or affiliates ("Amazon"). Information contained in the
report may influence your eligibility for employment, continued employment, or an
independent contractor relationship with Amazon. Also, enclosed is a Summary of Your
Rights provided to you under the Fair Credit Reporting Act, and any applicable state or local
notices.

The item(s) under review include, in whole or in part, the following information:

RAPE DURESS MENACE FELONY GUILTY - 04/04/2011

RAPE BY USE OF DRUGS FELONY GUILTY - 04/04/2011

At the link below or enclosed, please find the following:
https://myportal.accurate.com/#/security/altRegistration/Rse2SbIAvE35cY40Kifseg?
redirect=document&tag=NOTIFICATION_PREADVERSE

1. Consumer Report
2. A Summary of Your Rights Under the Fair Credit Reporting Act
3. California Notice of Rights by an Investigative Consumer Reporting Agency
4. Notice Regarding Background Checks per California Law

Please note that you have the right to dispute any information in this report. You also have the
right to respond to this notice and submit evidence challenging the accuracy of the conviction
history provided, as well as evidence of rehabilitation or mitigating circumstances before a
decision regarding your eligibility for employment, continued employment, or an independent
contractor relationship becomes final. If you would like to respond to this notice or if any
portion of the report is inaccurate or incomplete, please contact us and the provider of the
report within ten (10) business days.

The information in this report was provided by:

Accurate Background
7515 Irvine Center Dr., Irvine, CA 92618
Disputes@accuratebackground.com
(800)-216-8024

www.accuratebackground.com

To contact Amazon directly:

Amazon
backgroundcheckservices@amazon.com

Sincerely,

Amazon Physical Stores

# EXHIBIT B

On Wednesday, April 6, 2022, Accurate Background <noreply@accurate.com> wrote:

04/06/2022

Dear Miguel Lerma:

As you know, Amazon.com, Inc. or its subsidiaries or affiliates ("Amazon") procured a consumer report, also known as a background check on you. We now write to advise you of an adverse action that Amazon has taken against you. Specifically, Amazon has decided not to enter into, or to discontinue, an employment or independent contractor relationship with you.

The following provided information was used as the basis for the decision:

RAPE DURESS MENACE FELONY GUILTY - 04/04/2011

RAPE BY USE OF DRUGS FELONY GUILTY - 04/04/2011

At the link below or enclosed, please find the following:

https://myportal.accurate.com/#/security/altRegistration/Rse2SbIAvE35cY40Kifseg?
redirect=document&tag=NOTIFICATION_ADVERSE

1. Consumer Report
2. A Summary of Your Rights Under the Fair Credit Reporting Act
3. California Notice of Rights by an Investigative Consumer Reporting Agency
4. Notice Regarding Background Checks per California Law


This decision may have been influenced by information contained in a consumer report made, at our request, by:

> Accurate Background
>
> 7515 Irvine Center Dr., Irvine, CA 92618
>
> Disputes@accuratebackground.com
>
> (800)-216-8024
>
> www.accuratebackground.com

Accurate Background did not make the adverse decision and cannot provide the reason for the decision. However, if anything contained within your background report is inaccurate or incomplete, you have the right to dispute the accuracy or completeness of the information with Accurate Background. A copy of your report is enclosed, but you have the right to an additional free copy within the next 60 days if you submit a written request to Accurate Background. You also have the right to file a complaint with the California Department of Fair Employment and Housing.

Sincerely,

Amazon