_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:22-cv-01727-FWS-JDE                                                                      Date: May 26, 2023
Title: Miguel Lerma, Jr. v. Amazon.com Services, LLC *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

|  Melissa H. Kunig  |             N/A            |
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                                      Attorneys Present for Defendants:

Not Present                                                                                  Not Present

**PROCEEDINGS:   ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [23][24]**

Before the court are two motions: (1) Defendant Accurate Background, Inc.'s ("Defendant Accurate") Motion to Dismiss Plaintiff Miguel Lerma, Jr.'s ("Plaintiff") First Amended Complaint ("FAC") ("Accurate Motion" or "Mot."); and (2) Defendants Amazon Logistics, Inc. and Amazon.com Services, LLC's ("Defendant Amazon") Motion to Dismiss Plaintiff's First and Fifth Claims in the FAC ("Amazon Motion" or "Mot."). (Dkts. 23, 24.) On January 19, 2023, Plaintiff opposed the Motions ("Opposition" or "Opp."). (Dkt. 26.) On February 2, 2023, Defendants Accurate and Amazon filed Replies ("Accurate Reply" and "Amazon Reply"). (Dkts. 27, 28.)

Having found the matter appropriate for resolution without oral argument, the court previously took the matter under submission. (Dkt. 29.) *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L. R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the state of the record, as applied to the applicable law, the Accurate Motion and the Amazon Motion are both **GRANTED**.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01727-FWS-JDE                                           Date: May 26, 2023
Title: Miguel Lerma, Jr. v. Amazon.com Services, LLC *et al.*

I.   **Summary of Allegations**

Plaintiff was arrested and charged with committing sexual offenses in 2011.  (Dkt. 20 ("FAC") ¶ 12.)  Plaintiff was convicted of those charges in January 2013.  (*Id.*)  In late 2021, Plaintiff applied for a seasonal associate position with Amazon at its fulfillment center in Mission Viejo, California.  (*Id.* ¶ 17.)  On or about November 5, 2021, Amazon offered Plaintiff the job, contingent upon Plaintiff passing a drug test, background check, and completing other requirements.  (*Id.*)  Plaintiff met these requirements and began working in the seasonal position on November 15, 2021.  (*Id.* ¶ 18.)  Before the seasonal position ended in March 2022, Amazon emailed Plaintiff notifying him that he was "re-hire eligible" and could reapply after his assignment ended.  (*Id.* ¶ 19.)

After Plaintiff's temporary assignment ended on March 4, 2022, Plaintiff applied to be a store associate with Amazon at its Amazon Fresh store in Mission Viejo, California.  (*Id.* ¶ 22.)  On or about March 18, 2022, Amazon offered Plaintiff the job contingent upon Plaintiff passing a background check.  (*Id.* ¶ 23.)  On or about March 22, 2022, Accurate generated a background report on Plaintiff.  (*Id.* ¶ 24.)  On March 23, 2022, Accurate emailed Plaintiff a pre-adverse action notice stating that the following information was under review: (1) "RAPE DURESS MENACE FELONY GUILTY - 04/04/2011"; and (2) "RAPE BY USE OF DRUGS FELONY GUILTY - 04/04/2011."  (*Id.* ¶ 25.)  Plaintiff alleges the felonies listed in the March 2022 background report were more than seven years old.  (*Id.* ¶ 26.)

On April 6, 2022, Accurate emailed Plaintiff a post-adverse action notice stating that Amazon had decided not to enter into an employment or independent contractor relationship with Plaintiff based on his two felony convictions.  (*Id.* ¶ 27.)  Plaintiff alleges Amazon did not conduct an individualized assessment of whether Plaintiff's conviction history had a direct and adverse relationship with the duties of an Amazon Fresh store associate.  (*Id.* ¶ 28.)  Plaintiff further alleges Amazon and Accurate improperly used information from the Megan's Law website to deny Plaintiff employment.  (*Id.* ¶ 29.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01727-FWS-JDE                                                                Date: May 26, 2023
Title: Miguel Lerma, Jr. v. Amazon.com Services, LLC *et al.*

Plaintiff seeks to bring the action on behalf of four putative classes. (*Id*. ¶ 31.) Based on these allegations, Plaintiff asserts violations of the following statutes: (1) California's Megan's law, Cal. Pen. Code § 290.46 *et seq*.; (2) the Fair Chance Act, Cal. Gov. Code § 12952; (3) the Investigative Consumer Reporting Agencies Act, Cal. Civ. Code § 1786.18 ("ICRAA"); (4) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(1); and (5) California's Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code § 17200. (FAC ¶¶ 50-83.)

## II.    Legal Standard

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level." *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01727-FWS-JDE                                                            Date: May 26, 2023
Title: Miguel Lerma, Jr. v. Amazon.com Services, LLC *et al.*

require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Starr*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681.

Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). On one hand, "[g]enerally, when a plaintiff alleges facts consistent with both the plaintiff's and the defendant's explanation, and both explanations are plausible, the plaintiff survives a motion to dismiss under Rule 12(b)(6)." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 47 (9th Cir. 2022) (citing Starr, 652 F.3d at 1216). But, on the other, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Eclectic Props. E., LLC*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678). Ultimately, a claim is facially plausible where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 at 556); *accord Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).

In *Sprewell v. Golden State Warriors*, the Ninth Circuit described legal standards for motions to dismiss made pursuant to Rule 12(b)(6):

> Review is limited to the contents of the complaint. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.

266 F.3d at 988 (citations omitted).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01727-FWS-JDE                                                                                   Date: May 26, 2023
Title: Miguel Lerma, Jr. v. Amazon.com Services, LLC *et al.*

### III. Request for Judicial Notice

#### a. Legal Standard

The court may take judicial notice of facts that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts cannot take judicial notice of facts subject to reasonable dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.11 (2007) ("Under Federal Rule of Evidence 201(b), a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.") (internal quotation marks omitted).

For example, "courts routinely take judicial notice of letters published by the government . . . as well as records and reports of administrative bodies." *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 851 n.10 (9th Cir. 2016) (citations and internal quotation marks omitted). Additionally, courts "may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment," if the material is "physically attached to the complaint." *Lee*, 250 F.3d at 688 (citations and internal quotation marks omitted). "But a court cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

#### b. Accurate's Request for Judicial Notice

Accurate requests the court take judicial notice of two documents: (1) the case summary for Plaintiff from the Orange County Superior Court's electronic criminal case search portal;

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01727-FWS-JDE                                                                   Date: May 26, 2023
Title: Miguel Lerma, Jr. v. Amazon.com Services, LLC *et al.*

and (2) the offender profile for Plaintiff from California's Megan's Law website. (Dkt. 23-4.) Accurate argues both documents are public records that are proper subjects of judicial notice. (*Id*. at 1-2.)

The court **GRANTS** Accurate's request as to Exhibits 1 and 2 on the grounds that the documents are public records. *See* Fed. R. Evid. 201; *Lee*, 250 F.3d at 689-90 (courts may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment but may not take notice of disputed facts).

### c. Amazon's Request for Judicial Notice

Amazon requests the court take judicial notice of five documents: (1) the background check report prepared by Accurate; (2) the pre-adverse action notice sent to Plaintiff; (3) the adverse action notice sent to Plaintiff; (4) a case summary from the Orange County Superior Court's electronic criminal case search portal; and (5) the offender profile for Plaintiff from the Megan's Law website. (Dkt. 24-2.) Amazon argues Exhibits 1, 2, and 3 are proper for judicial notice under the incorporation by reference doctrine because their contents are alleged in the FAC but are not physically attached to the pleading. (*Id*. at 3.) Amazon further argues Exhibits 4 and 5 are proper for judicial notice because they are public records. (*Id.* at 3-5.)

The court **GRANTS** Amazon's request as to Exhibits 1, 2, and 3 under the incorporation by reference doctrine. *See United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citations and internal quotation marks omitted) (a court may "consider unattached evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document"); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citation and internal quotation marks omitted) ("[T]he incorporation by reference doctrine, which permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."). The court

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01727-FWS-JDE                                           Date: May 26, 2023
Title: Miguel Lerma, Jr. v. Amazon.com Services, LLC *et al.*

**GRANTS** Amazon's request as to Exhibits 4 and 5 on the grounds that the documents are public records.  *See* Fed. R. Evid. 201; *Lee*, 250 F.3d at 689-90.

### IV.  Discussion

Defendant Accurate seeks to dismiss the first cause of action (violation of Megan's Law), third cause of action (violation of ICRAA), fourth cause of action (violation of FCRA), and fifth cause of action (violation of the UCL).  (*See generally* Dkt. 23.)  Defendant Amazon seeks to dismiss the first cause of action (violation of Megan's Law) and fifth cause of action (violation of the UCL).  (*See generally* Dkt. 24.)  Plaintiff does not oppose Accurate's Motion as to the third cause of action (violation of ICRAA) and dismisses this cause of action as to Accurate.  (Dkt. 26 at 14.)

Accordingly, the court addresses only the following causes of action below: (1) first cause of action (violation of Megan's Law) as to Accurate and Amazon; (2) fourth cause of action (violation of FCRA) as to Accurate; and (3) fifth cause of action (violation of the UCL) as to Accurate and Amazon.  *See* L.R. 7-12.

#### a.  First Claim for Violation of Megan's Law (Cal. Pen. Code § 290.46 *et seq.*)

"California's Megan's Law provides for the collection and public disclosure of information regarding sex offenders required to register under section 290."  *Doe v. California Dep't of Just.*, 173 Cal. App. 4th 1095, 1102 (2009); *see also Doe v. Brown*, 177 Cal. App. 4th 408, 419 (2009) ("In 2004, the Legislature enacted [Penal Code] section 290.46, a statute commonly known as Megan's Law.").  Megan's Law "requires the Department [of Justice] to maintain an Internet Web site that includes information on persons convicted of specified sex offenses, such as the offender's name, address, aliases, photograph, physical description, date of birth, criminal history and other information the Department deems relevant."  *Doe*, 173 Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01727-FWS-JDE                                             Date: May 26, 2023
Title: Miguel Lerma, Jr. v. Amazon.com Services, LLC *et al.*

App. 4th at 1095.  However, information disclosed on the Megan's Law website may not be used for a prohibited purpose, such as employment.  *See* Cal. Pen. Code § 290.46(j)(2).

In this case, the FAC alleges Amazon offered Plaintiff a job contingent on him passing a background check, Accurate completed a background report that revealed Plaintiff had a criminal history with two rape felonies, and Amazon refused to offer Plaintiff employment based on the convictions.  (FAC ¶¶ 22-28.)  Based on these allegations, Plaintiff alleges Defendants Amazon and Accurate improperly used information from the Megan's Law website to deny Plaintiff employment.  (*Id.* ¶ 29.)

In addition to the FAC, the court also reviews the background report generated by Accurate.  The background report at issue in this case indicates that Accurate searched twelve databases.  (Dkt. 23-2 (listing searches of databases in four counties, three federal districts, the National Sex Offender Database, and other databases).)  Only one of these databases—the database for "County Criminal – Orange County, CA"—is marked as "record found."  (*Id.*)  The accompanying record notes that Plaintiff has two felony convictions in Orange County, California.  (*Id.*)  The background report contains no information from the other databases searched, other than noting that the searches have "no record found," are "completed" or "pending."  (*Id.*)

Defendants argue Plaintiff's claim fails because Plaintiff does not plausibly allege that the conviction information in the background report was obtained from the Megan's Law website rather than publicly available court records.  (Dkt. 23-1 at 7-10; Dkt. 24-1 at 8.)  The court agrees with Defendants.  *See Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.").  As stated above, the background report indicates that information about Plaintiff's criminal history was obtained from Orange County criminal records.  (*See* Dkt. 23-2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01727-FWS-JDE                                                      Date: May 26, 2023
Title: Miguel Lerma, Jr. v. Amazon.com Services, LLC *et al.*

Although Plaintiff argues the FAC asserts a "competing theory" as to how Defendants obtained the conviction information in the background report and Plaintiff is "entitled to discovery on this issue," (Dkt. 26 at 6-10), the court finds the FAC's allegations are contradicted by documents that are properly subject to judicial notice. *See Sprewell*, 266 F.3d at 988 ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. . . . Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). In short, the court need not accept as true Plaintiff's allegations that Defendants improperly obtained conviction information from the Megan's Law website when those allegations are not supported by the background report itself.

Accordingly, the court finds the FAC does not sufficiently allege a claim for misuse of information from California's Megan's Law website against either Accurate or Amazon and **GRANTS** both Motions as to Claim One (violation of California's Megan's Law).[1]

### b. Fourth Claim for Violation of the Fair Credit Reporting Act (15 U.S.C. § 1681b(b)(1))

FCRA was enacted "to ensure accurate reporting about the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers." *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1250-51 (9th Cir. 2022) (internal quotation marks omitted)

---

[1] Accurate argues in the alternative that even if the claim survived, Plaintiff's claim fails because Megan's Law only provides for liability against the user of the information (rather than the agency that generates the information) and Plaintiff does not sufficiently allege Accurate acted as an agent of Amazon.) (*See* Dkt. 23-1 at 10-13.) Because the court finds the FAC does not adequately state a claim for violation of Megan's Law, the court declines to address Accurate's alternative grounds for dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01727-FWS-JDE                                                    Date: May 26, 2023
Title: Miguel Lerma, Jr. v. Amazon.com Services, LLC *et al.*

(citing 15 U.S.C. § 1681(a)(2).)  Under FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person."  15 U.S.C. § 1681b(b)(2)(A).

In this case, the FAC alleges Accurate violated FCRA because it is a "consumer reporting agency" within the meaning of the statute, Plaintiff is a "consumer" with a "consumer report," and Accurate provided a consumer report to Amazon with knowledge that the information would be used in violation of California's Megan's Law.  (FAC ¶¶ 71-73.)  Accurate argues the FCRA claim fails because it is predicated on an underlying violation of Megan's Law.  (Dkt. 23 at 20-21.)  Plaintiff agrees that his FCRA claim is predicated on a violation of Megan's Law.  (*See* Dkt. 26 at 15 ("Plaintiff's FCRA claim also survives because the claim is based on Accurate's knowledge that Amazon, and Accurate as the agent, knowingly violates the Megan's Law.").)  As discussed above, the court finds the FAC does not sufficiently allege that any conviction information was used in violation of Megan's Law.  (*See supra* Section IV(a).)

Accordingly, the court finds Plaintiff's FCRA claim fails because it is predicated on the existence of an underlying violation of Megan's Law and **GRANTS** Accurate's Motion as to Claim Four (violation of FCRA).

### c. Fifth Claim for Violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200)

The UCL "prohibits, and provides civil remedies for, unfair competition, which it defines as 'any unlawful, unfair or fraudulent business act or practice.'"  *Kwikset Corp. v. Superior Ct.*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01727-FWS-JDE                                                            Date: May 26, 2023
Title: Miguel Lerma, Jr. v. Amazon.com Services, LLC *et al.*

51 Cal. 4th 310, 320 (2011) (quoting Cal. Bus. & Prof. Code § 17200); *see also Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (stating the UCL "prohibits any unlawful, unfair or fraudulent business act or practice") (citation and internal quotation marks omitted). "A UCL action is an equitable action by means of which a plaintiff may recover money or property obtained from the plaintiff or persons represented by the plaintiff through unfair or unlawful business practices. It is not an all-purpose substitute for a tort or contract action." *Cortez v. Purolator Air Filtration Prod. Co.*, 23 Cal. 4th 163, 173 (2000).

"To bring a UCL claim, a plaintiff must show either an (1) 'unlawful, unfair, or fraudulent business act or practice,' or (2) 'unfair, deceptive, untrue or misleading advertising.'" *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003) (citing Cal. Bus. & Prof. Code § 17200). "Under its 'unlawful' prong, 'the UCL borrows violations of other laws . . . and makes those unlawful practices actionable under the UCL.'" *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (2007) (citing *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999)). "Thus, a violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong." *Berryman*, 152 Cal. App. 4th at 1554. In other words, to be "unlawful" under the UCL, Defendants' conduct must violate another "borrowed" law. *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 841 (N.D. Cal. 2020). "[V]irtually any law or regulation—federal or state, statutory or common law—can serve as [a] predicate for a [Business and Professions Code section] 17200 'unlawful' violation." *Paulus v. Bob Lynch Ford, Inc.*, 139 Cal. App. 4th 659, 681 (2006) (citation omitted).

"A UCL action is equitable in nature; damages cannot be recovered." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003). "[U]nder the UCL, '[p]revailing plaintiffs are generally limited to injunctive relief and restitution.'" *Id.* (citing *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 179 (1999)); *see also Kwikset*, 51 Cal. 4th at 337 ("Injunctions are 'the primary form of relief available under the UCL to protect consumers from unfair business practices,' while restitution is a type of 'ancillary relief.'") (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01727-FWS-JDE								Date: May 26, 2023
Title: Miguel Lerma, Jr. v. Amazon.com Services, LLC *et al.*

For a private plaintiff to possess standing to bring a UCL claim, the plaintiff must: "(1) establish a loss or deprivation of money or property sufficient to qualify as an injury in fact, i.e., economic injury, and (2) show that economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset*, 51 Cal. 4th at 322; *see also Cappello v. Walmart Inc.*, 394 F. Supp. 3d 1015, 1019 (N.D. Cal. 2019) (stating that "if Plaintiffs cannot allege both that they suffered injury in fact and that they lost money or property as a result of an unlawful, unfair, or fraudulent business practice, then they lack statutory standing to sue under the UCL"); *Ghazarian v. Magellan Health, Inc.*, 53 Cal. App. 5th 171, 193 (2020) ("A party has standing when they have expended money due to the defendant's acts of unfair competition."). "Notably, lost money or property—economic injury—is itself a classic form of injury in fact." *Kwikset*, 51 Cal. 4th at 323.

In this case, as a threshold question, the court considers whether it has equitable jurisdiction over Plaintiff's UCL claim. Defendants challenge Plaintiff's UCL claim on multiple grounds, including that Plaintiff has an adequate remedy at law in the other claims asserted in the FAC. (*See, e.g.,* Dkt. 23-1 at 21-23; Dkt. 24-1 at 9-12; Dkt. 27 at 7-10; Dkt. 28 at 9-10.) Plaintiff argues in Opposition that "Plaintiff does not disagree with Amazon's contention that he seeks legal remedies in the FAC, and therefore maybe barred from seeking equitable remedies under the UCL in federal court." (Dkt. 26 at 17.) Based on this concession, Plaintiff requests that the UCL claim be dismissed without prejudice so that he may refile in state court. (*Id.* at 17-18.)

The FAC alleges Defendants violated the unlawful and unfair prongs of the UCL by: (1) using information in the Megan's Law website for employment purposes; (2) including information in the background report that is prohibited by ICRAA; and (3) furnishing consumer reports with knowledge that the information in the consumer report would be used in violation of the law, including Megan's Law. (FAC ¶¶ 77-82.) Based on the FAC's allegations, the court finds Plaintiff does not adequately allege he lacks an adequate remedy at law. *See Barranco v. 3D Sys. Corp.,* 952 F.3d 1122, 1129 (9th Cir. 2020) (citations and internal quotation marks omitted) ("The necessary prerequisite for a court to award equitable remedies is the absence of an adequate remedy at law."); *Sonner v. Premier Nutrition Corp.*, 971 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01727-FWS-JDE                                                                 Date: May 26, 2023
Title: Miguel Lerma, Jr. v. Amazon.com Services, LLC *et al.*

834, 844 (9th Cir. 2020) (dismissing UCL claim where "the operative complaint does not allege that [plaintiff] lacks an adequate legal remedy"); *Silvercrest Realty, Inc. v. Great Am. E&S Ins. Co.,* 2012 WL 13028094, at *2 (C.D. Cal. Apr. 4, 2012) (citations omitted) ("Remedies under the UCL are limited to restitution and injunctive relief, and do not include damages. . . . Restitution and injunctive relief are equitable remedies, and thus are not available unless the plaintiff lacks an adequate remedy at law.").

Accordingly, the court finds the FAC does not sufficiently allege a claim for violation of the UCL against either Accurate or Amazon and **GRANTS** both Motions as to Claim Five (violation of the UCL).

V.   **Leave to Amend**

"A party may amend its pleading once as a matter of course within: [(1)] 21 days after serving it, or [(2)] if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases," pleadings may only be amended with the opposing party's written consent or the court's leave, the latter of which is "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In assessing whether leave to amend is proper, courts consider the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 814-15 (9th Cir. 2020) (citation and internal quotation marks omitted). Courts may find amendment futile where "no amendment would allow the complaint to withstand dismissal as a matter of law," and "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Id.* at 815 (citation and internal quotation marks omitted). But "[i]f a complaint does not state a plausible claim for relief, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:22-cv-01727-FWS-JDE            Date: May 26, 2023
Title: Miguel Lerma, Jr. v. Amazon.com Services, LLC *et al.*

not possibly be cured by the allegation of other facts." *Perez v. Mortg. Elec. Registration Sys., Inc.*, 959 F.3d 334, 340 (9th Cir. 2020) (citation and internal quotation marks omitted).

     Pursuant to Federal Rule of Civil Procedure 15, the court "freely give[s]" leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). The court finds the record does not support a finding of any instances of "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party [or] futility of the proposed amendment." *See Kroessler*, 977 F.3d at 814-15. Additionally, the court does not find the FAC's allegations dismissed by this Order are futile at this stage. Accordingly, the court affords Plaintiff leave to amend Plaintiff's claims dismissed without prejudice by this Order.

**VI.**     **Disposition**

     For the reasons set forth above, the court **GRANTS** the Motions and **DISMISSES WITHOUT PREJUDICE** the first cause of action (violation of Megan's Law), fourth cause of action (violation of FCRA), and fifth cause of action (violation of the UCL) of the FAC. Plaintiff must file a Second Amended Complaint, if any, within **thirty (30)** days of the date of notice of this Order.

     **IT IS SO ORDERED.**

                                                                 Initials of Deputy Clerk: mku